40 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose VIRAKITTI, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTIONS; Frank Leslie Hall;
Joseph Diehl, Defendants-Appellees.
 No. 93-35700.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided Nov. 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Virakitti, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Virakitti contends that the defendants were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. If the nonmoving party does not respond by setting forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. Fed.R.Civ.P. 56(e).
 
 
 4
 To establish a violation of the Eighth Amendment, Virakitti must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). A medical need is serious if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Nor does a difference of opinion over proper medical treatment. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish deliberate indifference. McGuckin, 974 F.2d at 1060.
 
 
 5
 The defendants submitted Virakitti's medical records, along with affidavits of two treating physicians, with their motion for summary judgment. These records indicate that Virakitti initially complained of back pain. He was examined and given medication. He then complained that the medication caused pain and swelling in his testicles, penis, anus, lower intestine and stomach. Numerous examinations revealed no sign of swelling and no physical cause for Virakitti's symptoms. A psychiatric nurse practitioner determined that Virakitti may be suffering from hypochondriasis, a disorder characterized by the unwarranted fear or belief that one has a serious disease despite medical evidence to the contrary. A psychiatrist determined that Virakitti exhibited symptoms of a panic disorder.
 
 
 6
 Virakitti did not respond to the defendants' motion for summary judgment.[1] The evidence submitted by the defendants shows that Virakitti has been seen numerous times by four different doctors for his medical complaints. Virakitti has failed to show that his symptoms were ignored, or that the defendants failed to respond to his complaints. See id. Moreover, Virakitti has submitted no evidence to indicate that he has a serious medical need. See id. at 1059. Because Virakitti has thus failed to show that the defendants were deliberately indifferent to his serious medical needs, the district court properly granted summary judgment in favor of the defendants. See Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Virakitti contends that he was prevented from responding to the defendants' motion for summary judgment because he did not receive requested discovery materials. Specifically, Virakitti contends that the discovery materials were sent to the prison library, and that, because he was unwilling to pay the defendants' photocopying costs, he was refused access to these materials
 In essence, Virakitti claims that either the defendants' request for costs or the library's policy denied him access to the courts. However, Virakitti has not shown an actual injury resulting from his inability to obtain these materials without payment. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). All materials requested in discovery were available to Virakitti, either in the prison library or as attachments to the defendants' motion for summary judgment.